OPINION
{¶ 1} This matter is before us on an appeal filed by appellant, Jennifer L. Salsbury ("appellant"), from a judgment by the Franklin County Municipal Court convicting her of one charge of operating a vehicle while under the influence of alcohol ("OVI") in violation of R.C. 4511.19(A)(1)(a), one charge of OVI for driving with a prohibited level of alcohol in the breath in violation of R.C. 4511.19(A)(1)(d), and one charge of operating a *Page 2 
vehicle outside of marked lanes in violation of R.C. 4511.33. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} On the night of August 26, 2006, Trooper Kevin Milligan of the Ohio Highway Patrol was observing traffic on Interstate 70 near the line between Franklin and Licking Counties. Trooper Milligan pulled out behind a vehicle that was ultimately found to have been driven by appellant and followed it for some distance. Trooper Milligan observed the vehicle cross over the marked "fog line" on the inside of the left-most lane on the road on two occasions. Trooper Milligan also testified that he observed the vehicle weaving within the lane of travel, describing the action as "kind of bouncing from the center of the lane towards the left edge line or closer to the median." (Tr. 17.) On cross-examination, Trooper Milligan was asked about a semi-truck that was passing appellant's vehicle in the center lane, and stated that he believed appellant's vehicle could have stayed within its lane notwithstanding the presence of the truck. After the second time he observed the vehicle cross the marked line, Trooper Milligan initiated a traffic stop of the vehicle.
 {¶ 3} Upon approaching the vehicle, Trooper Milligan observed that appellant's eyes were bloodshot and glassy and her dexterity was poor, and he smelled a strong odor of alcohol. Appellant stated that she had a couple of drinks, at which point Trooper Milligan asked her to step out of the car to perform field sobriety tests. Trooper Milligan testified that appellant appeared to have some difficulty opening the door to her vehicle. Trooper Milligan then performed the horizontal gaze nystagmus, the one-leg stand, and the walk and turn field sobriety tests, and also performed a portable breath test. Based on her performance on those tests, Trooper Milligan placed appellant under arrest on *Page 3 
suspicion of OVI, and took her to perform a blood alcohol content ("BAC") test at the Reynoldsburg Police Department. Appellant submitted to the test, and the result showed that she had a BAC of .136 grams per 210 liters of breath. Appellant was then charged with the three offenses at issue here.
 {¶ 4} Appellant filed a motion to suppress all evidence obtained from the stop of her vehicle, including the BAC result. The trial court held a hearing at which it heard evidence regarding the circumstances surrounding the traffic stop. The trial court overruled the motion to suppress, after which appellant entered pleas of no contest to all three charges. The trial court found appellant guilty, merged the two OVI charges, and sentenced appellant accordingly. Appellant then filed this appeal, alleging a single assignment of error:
 THE TRIAL COURT ERRED IN DENYING DEFENDANT-APPELLANT'S MOTION TO SUPPRESS AND IN FINDING THAT THE STOP OF DEFENDANT-APPELLANT'S VEHICLE WAS LAWFUL.
 {¶ 5} During the hearing on appellant's motion to suppress, Trooper Milligan testified that he pulled over appellant's vehicle because she drove across the left fog line twice and because she was weaving within her lane. However, Trooper Milligan acknowledged that there is no traffic offense for weaving within a lane, nor did he testify that the single instance of weaving caused him to suspect that appellant was operating her vehicle while under the influence of alcohol. Consequently, the traffic stop in this case was initiated because Trooper Milligan concluded there was probable cause to believe appellant committed the offense of failing to drive within marked lanes. *Page 4 
 {¶ 6} Generally, traffic stops based on probable cause to believe a traffic violation has occurred are lawful, even where the alleged violation is minor or where the officer had an ulterior motive for initiating the stop. Whren v. United States (1996), 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89; Dayton v. Erickson, 76 Ohio St.3d 3,1996-Ohio-431, 665 N.E.2d 1091. The probable cause determination is fact-specific, and turns on the facts and circumstances known to the officer at the time the stop was made. Erickson, citing United State v.Ferguson (C.A.6, 1993), 8 F.3d 385.
 {¶ 7} Appellant argues that the marked lanes violation could not have provided a basis to stop her because the conduct described by Trooper Milligan does not constitute a marked lanes violation. Appellant relies in part on our decision in State v. East (June 28, 1994), Franklin App. No. 93APC09-1307, 1994 Ohio App. LEXIS 2834. In East, we considered what must be established by the state to set forth a prima facie case of failure to drive within marked lanes. We considered the language of R.C.4511.33(A)(1), which provides that:
 (A) Whenever any roadway has been divided into two or more clearly marked lanes for traffic, or wherever within municipal corporations traffic is lawfully moving in two or more substantially continuous lines in the same direction, the following rules apply:
 (1) A vehicle or trackless trolley shall be driven, as nearly as is practicable, entirely within a single lane or line of traffic and shall not be moved from such lane or line until the driver has first ascertained that such movement can be made with safety.
 {¶ 8} We held that under the language of the statute, in order to support a conviction for failing to drive within marked lanes, the state must establish more than a simple crossing of lane lines, but must also address the issues of practicality and safety. *Page 5 
Id. Thus, we reversed the conviction for failing to drive within marked lanes because the state's evidence failed to address those issues.
 {¶ 9} Appellant also relies on the decision rendered by the Third District Court of Appeals in State v. Phillips, Logan App. No. 8-04-25,2006-Ohio-6338. That case involved a driver who was pulled over after a state trooper observed the vehicle he was driving cross the white edge line on the right side of the road three times in a distance of approximately one mile. The driver was charged with failing to obey a traffic control device and OVI, and filed a motion to suppress the evidence, arguing that the trooper had no reasonable suspicion that he was operating the vehicle under the influence of alcohol, nor any probable cause to believe he had committed any traffic offense. The trial court granted the motion to suppress, and the state appealed.
 {¶ 10} In the lead opinion in Phillips, Judge Rogers extensively analyzed R.C. 4511.12, which sets forth the offense of failure to obey a traffic control device, and concluded that driving across the white edge line does not constitute a violation of the statute, and therefore could not have provided probable cause for the stop. Id. at ¶ 33. Judge Rogers then continued on to analyze whether there could have been probable cause to initiate a traffic stop based on the failure to drive within marked lanes in violation of R.C. 4511.33. Citing our decision inEast, Judge Rogers concluded that the conduct at issue did not constitute failure to drive within marked lanes, and could therefore not have provided probable cause to initiate the traffic stop.Phillips, at ¶ 81.[1] *Page 6 
 {¶ 11} However, it appears that Judge Rogers' reliance onEast was misplaced. In East, while we held that the evidence presented was insufficient to support a conviction for failing to drive within marked lanes, we specifically noted that even if the evidence was not sufficient to establish the offense, there could still have been probable cause to initiate a traffic stop to further investigate the driver's conduct. 1994 Ohio App. LEXIS 2834, *20. Consequently, Judge Rogers' opinion in Phillips is not persuasive in this case.
 {¶ 12} In the instant case, the conduct Trooper Milligan observed was sufficient to establish probable cause to believe appellant committed the offense of failure to drive within marked lanes. Consequently, the stop was lawful. See State v. Mays, Licking App. No. 2006-CA-00097,2007-Ohio-2807; Village of Kirtland Hills v. Metz, Lake App. No. 2005-L-197, 2006-Ohio-3413.
 {¶ 13} Accordingly, we overrule appellant's assignment of error and affirm the judgment of the trial court.
Judgment affirmed.
McGRATH and TYACK, JJ., concur.
[1] Judge (now Justice) Cupp concurred in judgment only with Judge Rogers' opinion, while Judge Bryant wrote a separate concurring opinion pointing out that Phillips had not been charged with failure to drive within marked lanes, and neither party had raised or argued the issue of whether that offense could have provided a separate basis for probable cause to initiate the traffic stop. *Page 1